IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,<br>Plaintiff, | )<br>)<br>) | |
| v. | )<br>) | No. 3:08-CV-518<br>Phillips |
| JENNIFER HUNT, ROBERT HUNT, WILLIAM HUNT and BETTY K. HUNT,<br>Defendants. | )<br>)<br>) | |

## MEMORANDUM OPINION

State Farm Mutual Automobile Insurance Company has brought this declaratory judgment action under the district court's diversity jurisdiction, seeking a determination of whether the defendants are entitled to coverage under a certain policy of liability insurance for an accident which occurred on June 27, 2007. Specifically, State Farm maintains that by virtue of the conveyance of the 1991 Chevrolet Lumina vehicle by State Farm insured William Hunt some three weeks prior to the accident of June 27, 2007, there is no coverage for any of the defendants under the State Farm policy issued to William Hunt and Betty Hunt.

### Background

On June 27, 2007, an automobile collision occurred in Sweetwater, Tennessee, in which the defendant Jennifer Hunt was operating a 1991 Chevrolet Lumina

automobile. Hunt crossed the center line of Industrial Park Drive, striking an automobile operated by Letha Stinnett. Letha Stinnett and her husband have filed suit in the Circuit Court for Monroe County, Tennessee against Jennifer Hunt, William Hunt and Betty Hunt for compensatory damages resulting from injuries sustained in the accident.

In an answer filed by William Hunt and Betty Hunt, the Hunts state that about three weeks prior to the accident, William Hunt sold the Chevrolet Lumina to his brother Robert Hunt on credit for work that he had done for William Hunt (approximately $3,000). William and Robert agreed to settle the difference in price at a later date. William Hunt endorsed the title certificate and gave the title certificate, the keys, and possession of the 1991 Chevrolet Lumina to Robert Hunt. William Hunt did not give Jennifer Hunt (Robert's daughter), permission to drive the car.

Robert Hunt has filed an answer in this case stating that ". . . the only involvement I had in this matter was to help her (Jennifer Hunt) negotiate a deal with my brother as to the sale of the car."

In her answer, Jennifer Hunt states, "I [was] driving a car that I was in the process of buying from my uncle, William Hunt, who as well as I, had insurance at the time of the accident." Two days before the accident, Jennifer Hunt obtained a policy of liability insurance from Farmers Exchange Insurance Company for the 1991 Chevrolet Lumina. Jennifer Hunt told Farmers Exchange that she was the owner of the vehicle. Additionally, at the time of the accident on June 27, 2007, Jennifer Hunt told the investigating officer that

she was the owner of the 1991 Chevrolet Lumina. Jennifer Hunt, or Farmers Exchange on her behalf, filed the OWNER/DRIVER REPORT for the accident showing Jennifer Hunt as the owner of the 1991 Chevrolet Lumina.

Following the accident, the wrecked salvage of the 1991 Chevrolet Lumina was towed to the residence of Robert Hunt. Robert Hunt later gave the 1991 Chevrolet Lumina salvage and the title certificate to a third party in exchange for and in consideration of the third party hauling away the wrecked vehicle.

Allstate Insurance Company has filed a motion to intervene in this case,[1] stating that Allstate is the underinsured motorist carrier for the Stinnetts in the state court litigation, and therefore would be affected should State Farm's declaratory judgment action in this case be successful. Allstate asserts that either State Farm or Farmer's Exchange should defend and indemnify the defendants in the Monroe County litigation arising out of the accident of June 27, 2007. It is the position of Allstate that the 1991 Chevrolet Lumina was titled to and insured by William Hunt at the time of the accident, and therefore a question of fact exists as to whether Robert Hunt or Jennifer Hunt had taken ownership of the vehicle prior to the accident.

Farmer's Exchange Insurance Company has not filed an appearance in this case.

---

[1] Allstate's motion to intervene was granted by the court on May 20, 2009 [Doc. 13].

## **Standard for Summary Judgment**

State Farm has moved for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. Rule 56(c), Federal Rules of Civil Procedure, provides that summary judgment will be granted by the court only when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. The burden is on the moving party to conclusively show that no genuine issue of material fact exists. The court must view the facts and all inferences to be drawn therefrom in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co., v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986); *Morris to Crete Carrier Corp.,* 105 F.3d 279, 280-81 (6th Cir. 1987); *White v. Turfway Park Racing Ass'n, Inc.*, 909 F.2d 941, 943 (6th Cir. 1990); *60 Ivy Street Corp. v. Alexander*, 822 F.2d 1432, 1435 (6th Cir. 1987). Once the moving party presents evidence sufficient to support a motion under Rule 56, Federal Rules of Civil Procedure, the non-moving party is not entitled to a trial simply on the basis of allegations. The non-moving party is required to come forward with some significant probative evidence which makes it necessary to resolve the factual dispute at trial. *Celotex Corp. v. Catrett,* 477 U.S. 317 (1986); *White,* 909 F.2d at 943-44. The moving party is entitled to summary judgment if the non-moving party fails to make a sufficient showing on an essential element of its case with respect to which it has the burden of proof. *Celotex,* 477 U.S. at 323; *Collyer v. Darling,* 98 F.3d 220 (6th Cir. 1996).

## Analysis

The State Farm policy number 0944-067-42C issued to William Hunt and Betty Hunt provides:

> We agree to provide insurance according to the terms of this policy:
>
> b. . . . in reliance on the following statements:
>
> (1) The named insured is the sole owner of your car.

State Farm maintains that as a condition precedent to coverage, the named insured must be the sole owner of the vehicle, *i.e.,* William Hunt and Betty Hunt. Moreover, the Change of Interest provision of the policy states: "No change of interest in this policy is effective unless we [State Farm] consent in writing." The "Joint Individual Interests" provisions of the policy state: "When there are two or more named insureds, each acts for all to change or cancel the policy." State Farm maintains that the effect of these policy provisions is that when William Hunt transferred the vehicle to his brother by endorsing the title certificate, giving him the keys, and delivering possession of the vehicle some three weeks prior to the accident, William and Betty Hunt ceased to have coverage on the 1991 Chevrolet Lumina based on the change in ownership. Further, State Farm at no time agreed to a change of interest in the policy, specifically to extend any coverage to Robert Hunt or to Jennifer Hunt.

Allstate responds that because a question of fact exists as to whether William Hunt transferred ownership to Robert Hunt, or to Jennifer Hunt, summary judgment is not appropriate. State Farm, however, maintains that it is immaterial whether the 1991 Chevrolet Lumina had been sold to Robert Hunt or to Jennifer Hunt by William and Betty

Hunt some three weeks prior to the accident, the relevant point being that neither William nor Betty Hunt retained any interest in the vehicle at the time of the accident of June 27, 2007.

In *J.H. Stevens v. State Farm Mutual Automobile Ins. Co.,* the Tennessee Court of Appeals held that compliance with the former requirements of the Tennessee Motor Vehicle Title and Registration Act is not a prerequisite to transfer of ownership. *Id.* 443 S.W.2d 512, 514 (Tenn.App. 1969). "The test of ownership is a meeting of the minds and the intention of the parties." *Irwin v. Arnett*, 1986 WL 13961 (Tenn.App. Dec. 12, 1986). The Tennessee Court of Appeals in *Rivkin v. Postal*, set out the following test:

> To determine ownership of a vehicle, a trier-of-fact may consider and weigh evidence relating to (1) the circumstances surrounding the vehicle's purchase, (2) the registration of the vehicle, (3) all aspects of insuring the vehicle, (4) all parties' financial stake in the vehicle, (5) the actual possession of the vehicle, (6) the responsibility for bearing the expense of operating, maintaining, and licensing the vehicle, and (7) the ultimate right to control the vehicle, including the right to make major decisions concerning the vehicle such as its use and restrictions on its use or the sale or other disposition of the vehicle.

*Id.* 2001 WL 1077952 (Tenn.App. Sept 14, 2001). Tennessee Code Annotated § 55-5-118 also provides "Whenever the owner of a registered vehicle transfers or assigns the owners title or interest thereto, the registration of such vehicle shall expire."

Here, it appears from the record that William Hunt sold the 1991 Chevrolet Lumina to his brother Robert Hunt some three weeks prior to the accident on June 27, 2007, by endorsing the title certificate, and giving the title certificate, the keys, and

possession of the vehicle to his brother Robert Hunt. Consistent with Tennessee Code Annotated § 55-5-118, the court finds that the transfer of ownership interest by William Hunt some three weeks prior to the accident served to cancel, by operation of law, the former registration in the name of William Hunt and Betty Hunt. Jennifer Hunt had obtained a policy of liability insurance from Farmers Exchange Insurance Company for the vehicle, which is another indicia of ownership. Jennifer Hunt had actual possession of the vehicle, and the responsibility for bearing the expense of operating, maintaining and licensing the vehicle. Moreover, Robert and/or Jennifer Hunt exercised the ultimate right to control the vehicle, including the right to make decisions concerning the vehicle's use and restrictions on its sale or other disposition. Whether the vehicle was owned by Robert Hunt on the day of the accident, or by his daughter Jennifer Hunt, is immaterial to the court's determination that William Hunt had transferred ownership of the vehicle three weeks prior to the accident on June 27, 2007. Accordingly, pursuant to the terms of the State Farm insurance policy, no coverage was afforded to any of the defendants on the day of the accident.

## **Conclusion**

For the reasons stated above, the court concludes that there is no coverage extended to any of the defendants under the State Farm policy of insurance issued to William Hunt and Betty Hunt for the accident of June 27, 2007, and that there is no duty to defend nor any duty to indemnify any of the defendants in any litigation arising out of the accident of July 27, 2007, including the pending litigation in Monroe County Circuit Court. Accordingly, judgment will be entered in favor of State Farm Mutual Automobile Insurance Co. against the defendants in this case.

**ORDER TO FOLLOW.**

**ENTER:**

s/ Thomas W. Phillips
United States District Judge